UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIEL LUNA,

                        Plaintiff,

                      -against-

THE CITY OF NEW YORK, P.O. EDGAR MERCADO, Shield No. 11346, Individually and in his Official Capacity, P.O. OSWALDO SANTIAGO, Shield No. 8022, Individually and in his Official Capacity and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**08-CV-8574**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff DANIEL LUNA, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DANIEL LUNA is a Hispanic-American male and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. EDGAR MERCADO, P.O. OSWALDO SANTIAGO, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On May 18, 2007, at approximately 11:00 p.m., plaintiff DANIEL LUNA was lawfully present at or around the vicinity of 1500 Archer Road, on a public street, in the County of Bronx, State of New York.

14. At the aforesaid time and place, plaintiff was at a local grocery store on Archer Road with a group of neighbors.

15. Plaintiff lived at 1505 Archer Road, County of Bronx, State of New York.

16. Defendants approached plaintiff and his neighbors and asked them to disperse.

17. Plaintiff and approximately five (5) of his neighbors, complied with defendants order and began walking on a path through the multi-building complex where most of them lived.

18. Suddenly, defendants drove their marked police vehicle off the road onto the walking path where plaintiff and the group were walking, cut them off and nearly hit the group with their vehicle.

19. Defendants exited the vehicle, approached the plaintiff and within inches of plaintiff's face, stated "WHAT THE FUCK DID YOU SAY?"

20. Before plaintiff could respond, defendant said "SHUT THE FUCK UP" and simultaneously thrust both of his hands against plaintiff's chest, pushing plaintiff over a chain linked fence that hugged the walking path, causing plaintiff to fall to the ground on his back striking his head to the pavement.

21. Plaintiff had not said anything nor had committed a violation of any law, either before or after being approached.

22. As a result of the force employed by defendants on plaintiff, plaintiff sustained multiple injuries to his rear end, head, neck, and back.

23. Thereafter, plaintiff stood up with his hands already behind his back.

24. Nonetheless defendants still said, "PUT YOUR HANDS BEHIND YOUR FUCKING BACK."

25. Defendants then aggressively proceeded to handcuff plaintiff's arms tightly behind his back and hauled him toward the police vehicle.

26. Defendants intentionally slammed plaintiff's head against the frame of the police vehicle door, as they shoved him in the vehicle.

27. As a result of force employed by defendants on the plaintiff, plaintiff sustained multiple injuries to his head and neck.

28. Plaintiff was arrested and charged with Disorderly Conduct, Resisting Arrest and Obstructing Governmental Administration in the Second Degree.

29. Plaintiff did not engage in fighting, violent, tumultuous, or threatening behavior, nor did he obstruct governmental administration or resist arrest.

30. In connection with his arrest, defendants filled out false misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

31. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

32. As a result of his unlawful arrest, plaintiff DANIEL LUNA spent approximately forty eight (48) hours in jail.

33. As a result of the foregoing, plaintiff DANIEL LUNA sustained, *inter alia*, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

34. As a result of his unlawful arrest, plaintiff DANIEL LUNA spent approximately fourteen (14) months making numerous court appearances in connection with charges related to his false arrest.

35. On or about July 30, 2008, the action against plaintiff, DANIEL LUNA, was terminated in his favor.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff DANIEL LUNA of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused

to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

44. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants misrepresented and falsified evidence before the District Attorney.

47. Defendants did not make a complete and full statement of facts to the District Attorney.

48. Defendants withheld exculpatory evidence from the District Attorney.

49. Defendants were directly and actively involved in the initiation of criminal proceedings against DANIEL LUNA.

50. Defendants lacked probable cause to initiate criminal proceedings against DANIEL LUNA.

51. Defendants acted with malice in initiating criminal proceedings against DANIEL LUNA.

52. Defendants were directly and actively involved in the continuation of criminal proceedings against DANIEL LUNA.

53. Defendants lacked probable cause to continue criminal proceedings against DANIEL LUNA.

54. Defendants acted with malice in continuing criminal proceedings against DANIEL LUNA.

55. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

56. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in DANIEL LUNA's favor on or about July 30, 2008.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants issued legal process to place plaintiff DANIEL LUNA under arrest.

60. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

61. Defendants acted with intent to do harm to plaintiff DANIEL LUNA, without excuse or justification.

62.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" as if the same were more fully set forth at length herein.

64.     Defendants created false evidence against plaintiff DANIEL LUNA.

65.     Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

66.     Defendants misled the prosecutors by creating false evidence against plaintiff DANIEL LUNA and thereafter providing false testimony throughout the criminal proceedings.

67.     In creating false evidence against plaintiff DANIEL LUNA in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

68.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

71. As a result of the foregoing, plaintiff DANIEL LUNA sustained, *inter alia*, bodily injuries, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

74. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) arresting individuals regardless of probable cause, and b) utilizing excessive force in executing said arrests, and c) falsifying evidence to cover up police misconduct.

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

78. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DANIEL LUNA was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

79. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

80. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DANIEL LUNA's constitutional rights.

81. The acts complained of deprived plaintiff of their rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process;

       D.       Not to have excessive force imposed upon them;

       E.       To be free from unlawful search;

       F.       Not to have summary punishment imposed upon them; and

       G.       To receive equal protection under the law.

82. As a result of the foregoing, plaintiff are entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff DANIEL LUNA demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       October 6, 2008

                BY:_____/S_____
                GERALD M. COHEN (GC-0479)
                COHEN & FITCH LLP
                Attorneys for Plaintiff
                225 Broadway, Suite 2700
                New York, N.Y. 10007
                (212) 374-9115